**Trenell WHITWORTH, Petitioner–Appellant,**

v.

**Janette PRICE, Respondent–Appellee.**

No. 03–1233.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2004.

Trenell Whitworth, Kinross Correctional Facility, Kincheloe, MI, for Petitioner–Appellant.

Laura Graves Moody, Brenda E. Turner, Office of the Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent–Appellee.

Before NELSON, GILMAN, and ROGERS, Circuit Judges.

*ORDER*

Trenell Whitworth, a Michigan state prisoner, moves for the appointment of counsel and appeals a district court judgment dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Whitworth was convicted of assault with intent to murder and felony firearm following a 1996 bench trial; he was sentenced to fourteen to twenty-five years of imprisonment for the assault and two years of imprisonment for the felony firearm, to run consecutively. His conviction was affirmed on direct appeal in the state courts, and a post-conviction proceeding was unsuccessful. Whitworth then filed for federal habeas corpus relief, raising two claims. The district court determined that both claims had been procedurally defaulted and dismissed the petition, but granted a certificate of appealability as to the claim of insufficient evidence. This court declined to grant a certificate of appealability on the remaining claim. The certified issue has now been briefed.

Whitworth was originally charged with first degree murder. The evidence presented at his bench trial showed that Whitworth and a group of his friends had been involved in a fight with another group of people at a bar. Whitworth's group was evicted by the bouncer. Whitworth was heard telling the other members of his group that they should go get their guns as they were leaving. When the second group of people later exited the bar, Whitworth and another person in his group ran up and accosted the victim. The other person fired several shots at the victim, who fell to the ground. Whitworth then fired several shots at the victim as he lay on the ground. Based on this evidence, the trial court judge found that the first shooter committed the homicide, and Whitworth was guilty only of assault with intent to murder, because the victim had already suffered at least one mortal wound before Whitworth shot him.

In this petition, it was argued that the evidence was insufficient to support the conviction because an assault cannot be committed against a dead body. Whitworth interpreted the trial judge's decision as implying that the victim was already dead at the time Whitworth shot at him. The district court found this claim procedurally defaulted. Whitworth had argued

in his direct appeal that his conviction was not supported by sufficient evidence because the witnesses' testimony was incredible and because there was no evidence of intent to murder. He did not raise the argument about the impossibility of assaulting a dead body until his reply brief, and it was not addressed by the Michigan Court of Appeals. When he later tried to raise this claim again in his post-conviction proceeding, the Michigan Court of Appeals and Supreme Court declined to address the appeal in form orders.

We conclude that the district court properly found this claim to be procedurally defaulted when it was not raised at the first opportunity on direct appeal. *See Simpson v. Jones,* 238 F.3d 399, 408 (6th Cir.2000). A defaulted claim is barred from consideration in a habeas corpus proceeding unless there is a showing of cause and prejudice to excuse the default, or where the failure to consider the claim would result in a fundamental miscarriage of justice. *Combs v. Coyle,* 205 F.3d 269, 274 (6th Cir.2000). Whitworth does not attempt to argue cause and prejudice in this case, but does argue that the miscarriage of justice exception applies because he is actually innocent. However, in order to permit a default to be overlooked based on a claim of actual innocence, there must be evidence of innocence presented in the petition that was not presented at trial. *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Whitworth has presented no new evidence in this case to meet this standard.

Moreover, even if the default were overlooked, the claim of insufficient evidence is meritless. Contrary to Whitworth's argument, the trial court judge made no finding that the victim was dead at the time Whitworth shot him. Viewing the evidence in the light favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of which Whitworth was convicted beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Accordingly, the motion for counsel is denied and the district court's judgment dismissing this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.